**FILED**
**Dec 26, 2018**
**04:14 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**





## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| JAMES HURD, | ) |
|     Employee, | )   **Docket No. 2018-08-0644** |
| v. | ) |
| KELLOGG COMPANY, | ) |
|     Employer, | ) |
| and | )   **State File No. 65793-2017** |
| OLD REPUBLIC INS. CO., | ) |
|     Carrier, | ) |
| and | ) |
| ABIGAIL HUDGENS, | )   **Judge Allen Phillips** |
| ADMINISTRATOR OF THE | ) |
| BUREAU OF WORKERS' | ) |
| COMPENSATION AND THE | ) |
| SUBSEQUENT INJURY AND | ) |
| VOCATIONAL RECOVERY FUND. | ) |

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

Mr. Hurd requested medical benefits for an injury occurring on August 27, 2017. The dispositive issue is whether the injury arose out of his employment at Kellogg or was idiopathic. The Court conducted an Expedited Hearing on December 12, 2018, and holds Mr. Hurd would likely prevail on the merits that his injury arose out of the employment.

### History of Claim

Mr. Hurd worked for Kellogg as an operations supervisor. His job required that he climb a set of stairs to an elevated platform to inspect equipment. As he explained in a recorded statement given three days after his injury, he "turned to come down . . . made the first step, and it felt like I had bumped my knee or something or someone had kicked me in the knee really hard." Mr. Hurd said he then "hobbled" down the stairs and looked up to see what might have struck his knee. He saw nothing. He made his way to the supervisor's office and reported his injury.

While taking the recorded statement, Kellogg's claims representative told Mr. Hurd that Tennessee law might not cover idiopathic injuries, described by the representative as injuries that "can happen anywhere." Kellogg determined Mr. Hurd's injury was idiopathic and denied his claim.

After the denial, Mr. Hurd sought medical treatment on his own primarily with Dr. Marc Mihalko. At the first visit, Dr. Mihalko recorded that Mr. Hurd hurt his knee when "he went down a step and he may have turned and felt a pain and a pop." Dr. Mihalko's records contain no other mention of the injury and do not include a causation opinion. Eventually, Dr. Mihalko surgically repaired a ruptured quadriceps tendon in Mr. Hurd's knee. He missed twelve weeks of work. Mr. Hurd requested payment of his bills and those of the hospital where the surgery was performed.[1]

Mr. Hurd filed a Petition for Benefit Determination, and Kellogg agreed to pay a lump sum for a doubtful and disputed settlement. This Court rejected the proposed settlement, finding it was not in Mr. Hurd's best interests based upon his statements at the approval hearing. *See* Tenn. Code Ann. § 50-6-240(e) (2018). Mr. Hurd then obtained counsel, who filed a new PBD and requested this expedited hearing.

At the hearing, Mr. Hurd detailed the incident as follows:

Once I had done the inspection, I turned to come back off the deck. When I turned, I took the first step down with the right leg [and] holding the handrail. At that time, my left leg turned awkwardly, and at the time it doubled behind me onto the platform. And that's when I felt something pop.

Mr. Hurd also said water was on both the floor and the platform, so his feet would have been wet. He asserted his description at the hearing was consistent with his recorded statement but simply gave more detail. Further, Mr. Hurd testified he was taking pain medication at the time of the recorded statement, and that might have affected his recollection. He also pointed out that the claims representative did not ask detailed questions as to how the injury occurred.

On cross-examination, Kellogg confronted Mr. Hurd with contradictory statements about the injury from his recorded statement. Kellogg pointed to the lack of mention of wet surfaces and that he did not say that he tripped or fell but that he was "in between the step and platform" when his knee popped.

---

[1] Mr. Hurd received short-term disability from Kellogg for the time he missed from work. He did not request temporary benefits at this time.

Mr. Hurd asserted he is entitled to payment of the stipulated medical bills and continuing treatment with Dr. Mihalko. He contended there is "no question" his injury arose out of his employment because he was injured on stairs. He relied specifically on *Bullard v. Facilities Performance Grp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 37 (Aug. 7, 2018), for the proposition that an injury while using steps provides the required causal connection to work. Additionally, Mr. Hurd asserted entitlement to attorney's fees for wrongful denial of the claim under Tennessee Code Annotated section 50-6-226(d)(1)(B). Both of his attorneys filed affidavits supporting their requests.

For its part, Kellogg argued that *Bullard* does not apply because the employee there actually *fell* because of a step; here, Mr. Hurd only stepped down on one. It reasoned that "nothing was wrong with the step," and Mr. Hurd's "taking" the step was not "an extraordinary event." Finally, Kellogg argued that it does not owe attorney's fees because it did not wrongfully deny the claim.

### Findings of Fact and Conclusions of Law

*Arising out of employment vs. idiopathic injury*

At this interlocutory proceeding, Mr. Hurd must come forward with sufficient evidence showing he likely would likely prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1). The dispositive issue is whether Mr. Hurd's injury arose primarily out of his employment or was idiopathic. An injury arises primarily out of the employment if it contributes more than fifty percent in causing the injury, considering all causes. Tenn. Code Ann. § 50-6-102(14)(B). Conversely, an idiopathic injury is one of unexplained origin or cause, and generally does not arise out of the employment unless some condition of the employment presents a peculiar or additional hazard. *McCaffery v. Cardinal Logistics*, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *9 (Dec. 10, 2015).

Here, the Court finds Mr. Hurd's injury originated in a hazard related to his job; namely, he descended a step from an elevated height and injured his knee. "Tennessee courts have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as *a puddle of water or a step*, in addition to the injured employee's ambulation." *Bullard*, at *11, *citing Wilhelm v. Kroger*, 235 S.W.3d 122, 128-29 (Tenn. 2007) (Emphasis added). In making this holding, the Court finds Mr. Hurd detailed the incident without hesitation and was calm, self-assured and steady. The Court finds him credible and believes he was injured as described. *See Kelly v. Kelly*, 445 S.W.3d 685, 694 (Tenn. 2014).

Kellogg argued that Mr. Hurd provided a prior inconsistent statement three days after the incident. However, contrary to Kellogg's argument, Mr. Hurd said in his earlier statement that "as I turned to come down . . . I made the first step" and injured the knee. Mr. Hurd's description of what caused his injury has remained consistent. It was not an

idiopathic injury, as it was neither of unexplained origin or cause nor the result of a condition purely personal to him. *See Veler v. Wackenhut Servs.*, No. E2010-00965-WC-R3-WC, 2011 Tenn. LEXIS 78, at *9 (Tenn. Workers' Comp. Panel Jan. 28, 2011). Thus, the Court holds Mr. Hurd would likely prevail at a hearing on the merits regarding causation.

*Medical benefits*

Turning now to Mr. Hurd's request for medical benefits, Tennessee Code Annotated section 50-6-204(a)(1)(A) requires an employer to provide treatment "made reasonably necessary by an injury." An employer has the right to conduct "a reasonable investigation" and make a decision regarding compensability within fifteen days after receiving notice. Tenn. Comp. R. & Regs. 0800-02-14-.04(6) (August 2018). This opportunity to investigate prevents compelling an employer to provide medical benefits without regard to any potential defenses. *Hardin v. Dewayne's Quality Metals*, 2015 TN Wrk. Comp. App. Bd. LEXIS 45, at *8 (Nov. 18, 2015).

Here, the Court rejected Kellogg's idiopathic injury defense and held Mr. Hurd would likely prevail on his request for medical benefits. Thus, he should receive payment of his bills to date. *See McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Mar. 27, 2015).

In addition, Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) requires an employer to designate a panel of physicians for treatment. Kellogg did not provide a panel, and any belated attempt to do so after Mr. Hurd has established a doctor-patient relationship with Dr. Mihalko will not succeed under these facts. *See Burnette v. WestRock*, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *12 (Oct. 31, 2017). Thus, the Court designates Dr. Mihalko as the treating physician.

*Attorney's fees*

Mr. Hurd's attorneys requested fees for Kellogg's wrongful denial of the claim under Tennessee Code Annotated section 50-6-226(d)(1)(B). In *Thompson v. Comcast*, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *31 (Jan. 30, 2018), the Appeals Board held awards of attorney's fees at an expedited hearing for wrongful denials are appropriate only in "extremely limited circumstances." Recently, the Board clarified the analysis in *Travis v. Carter Express, Inc.*, 2018 TN Wrk. Comp. App. Bd. LEXIS __ (Dec. 21, 2018). The Board held section 226(d)(1)(B) and *Thompson* established a two-pronged test for considering a pre-trial request for attorney's fees. First, a trial court must determine if the employer "wrongfully denied" the claim. If so, then the court must determine if the requested fees satisfy the "extremely limited circumstances" requirement. Here, the Court holds Kellogg wrongfully denied Mr. Hurd's claim and that the facts satisfy the extremely limited circumstances requirement.

As to wrongful denial, in *Andrews v. Yates Servs.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 22, at \*13 (May 8, 2018), the Appeals Board held the proper considerations in determining whether a denial was wrongful are whether the employer's decision was "incorrect, erroneous, or otherwise inconsistent with the law or facts at the time the decision was made." Applying those considerations, Mr. Hurd said from the outset that he "made the first step" and his knee popped. Further, Kellogg's claim representative stated that his understanding of idiopathic injuries was that they "can occur anywhere," with no consideration of the steps as an employment hazard. Finally, through the hearing, Kellogg maintained that Mr. Hurd did not fall, that the step was not defective, and that navigating the step was not an extraordinary event. These considerations were incorrect and inconsistent with Tennessee law now and at the time of Kellogg's denial, and the Court considers the denial wrongful under the statute.

Next, the Court holds the facts satisfy the extremely limited circumstances requirement for the same reasons. As directed by *Travis*, the Court has considered the uncertainties of litigation, that discovery and medical proof are incomplete, and that the standard of proof at this interlocutory stage is different than at a compensation hearing. *Travis*, at \*11. Here, the Court notes Mr. Hurd's credibility and his consistency in detailing how he injured his knee on the stairs. Further, Dr. Mihalko recorded that Mr. Hurd injured his knee on the stairs. Collectively, these facts support a holding that this case falls within the extremely limited circumstances for an interlocutory award of attorney's fees.

As to the fees, the Court reviewed the attorneys' supporting affidavits. Both attorneys established by sworn affidavit that they have over fifteen years' experience practicing law including litigation, and they detailed their work to the tenth of the hour. The Court holds the requested fees are reasonable as to time and amount when considering the factors of Tennessee Supreme Court Rule 8, RPC 1.5 and awards them.

**IT IS, THEREFORE, ORDERED** as follows:

1. Kellogg shall pay Mr. Hurd's bills from Campbell Clinic and Methodist Hospital under the fee schedule.

2. Kellogg shall provide Mr. Hurd with continued reasonable and necessary medical treatment under Tennessee Code Annotated section 50-6-204(a)(1)(A). Dr. Mihalko is designated the authorized physician.

3. The Court grants Mr. Hurd's requested fees under Tennessee Code Annotated section 50-6-226(d)(1)(B), namely, Mr. Burton's requested amount of $2,475.00 and Mr. Wener's requested amount of $1,550 (plus $10.04 in expenses).

4. This matter is set for a telephonic Status Hearing on **Tuesday, February 26, 2019**, at

**9:00 a.m. Central time. The parties must call 731-422-5263 or toll-free 855-543-5038 to participate in the Hearing.**

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED this the 26th day of December 2018.**

_____
**Judge Allen Phillips**
**Court of Workers' Compensation Claims**

6

# APPENDIX

Exhibits:

1. Medical Records of Campbell Clinic-Dr. Mihalko
2. Medical Records of Methodist Hospital
3. Medical bills of Campbell Clinic
4. Medical bills of Methodist Hospital
5. First Report of Work Injury
6. Transcript of Mr. Hurd's Recorded Statement
7. Affidavit of Attorney Burton in support of attorney's fees request
8. Affidavit of Attorney Wener in support of attorney's fees request

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing with supporting affidavit of Mr. Hurd

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 26th day of December, 2018.

| Name | Via Email | Service sent to: |
| --- | --- | --- |
| Andrew L. Wener and Michael Burton, Employee's Attorneys | X | awener@wenerlawfirm.com mburton@michaelburtonlawoffice.com |
| Thomas J. Smith, Employer's Attorney | X | tsmith@spicerfirm.com |
| Timothy Kellum, SIVRF Attorney | X | timothy.kellum@tn.gov |

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

7